OPINION
{¶ 1} Defendant-appellant Titus Godbolt appeals the March 20, 2002 Judgment Entry of the Licking County Court of Common Pleas which denied his petition for post-conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 4, 1998, the Newark Police Department received a 911 call from Eric Suber reporting appellant, Titus Godbolt, was threatening people with a gun. Several officers responded to the call. Upon his arrival, Officer Doug Bline observed appellant in a vehicle. Officer Bline approached the vehicle which accelerated rapidly in his direction. Officer Bline jumped from the vehicle's path, but was struck on the arm. As a result, Officer Bline received minor injuries. Appellant drove from the scene and a chase ensued. During the pursuit, a firearm and a baggie were dropped from the vehicle. Thereafter, appellant was apprehended.
 {¶ 3} On July 9, 1998, the Licking County Grand Jury indicted appellant on one count of felonious assault on a peace officer, one count of intimidation of a witness, one count of felony fleeing, one count of having weapons under disability, and one count of tampering with evidence. Prior to trial, the trial court dismissed the intimidation of a witness count. After a jury trial on September 30, 1998, the jury found appellant guilty as charged of the remaining counts. In an amended judgment entry filed October 6, 1998, the trial court sentenced appellant to an aggregate sentence of ten years in prison.
 {¶ 4} Appellant timely filed a direct appeal to this Court assigning three errors. First, appellant claimed error with the introduction of hearsay statements and with the trial court's refusal to permit his introduction of hearsay statements. Appellant also assigned as error the fact the trial court permitted the State to characterize appellant's prior convictions as a "drug offense" and "an offense of violence" as those previous convictions related to an element of the new weapons under disability charge. Appellant claimed the trial court erred in refusing to require the prosecution to accept a stipulation appellant was simply under a disability. Appellant claimed in his appeal the trial court's ruling violated the United State's Supreme Court decision in OldChief v. United States (1997), 519 U.S. 172.
 {¶ 5} In an April 19, 1999 Judgment Entry and Opinion, this Court affirmed the trial court's decision and found Old Chief to be distinguishable from the facts in the case. Appellant appealed our decision to the Ohio Supreme Court. On September 1, 1999, the Ohio Supreme Court dismissed the appeal as not involving a substantial constitutional question.
 {¶ 6} On August 30, 2000, appellant filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to28 U.S.C. § 2254. In a November 5, 2001 Judgment Entry, the United District Court for the Southern District of Ohio, Eastern Division, dismissed appellant's habeas corpus petition for lack of exhaustion of state remedies. The District Court held appellant could still raise his issues in a delayed petition for post-conviction relief, and therefore, the issue was not exhausted in state court. Appellant appealed this decision to the Sixth Circuit Court of Appeals. As of the date of oral argument, this petition was still pending.
 {¶ 7} On March 5, 2002, appellant filed a Delayed Post-Conviction Petition in the Licking County Court of Common Pleas. Appellant argued his untimely petition for post-conviction relief should be permitted pursuant to R.C. 2953.23. Essentially, appellant argues his prior counsel did not advise him of the time limits during which a petition for post-conviction relief needs to be filed. Appellant contends this amounts to being unavoidably prevented from discovering facts necessary for his petition.
 {¶ 8} Appellant also argued his convictions and sentences were voidable because he did not receive effective assistance of trial counsel. Appellant maintained his trial counsel was ineffective due to his failure to make a more specific objection to the compromise stipulation read to the jury. This stipulation, intended to satisfy an element of the crime of having a weapon while under a disability, indicated appellant had previously been convicted of both a felony offense of violence and a drug related offense. Again, appellant raised the case of Old Chief, supra, as precedent. Appellant also maintained his counsel was ineffective for not objecting to the State's use of two prior offenses to prove one element of the charge.
 {¶ 9} In a March 20, 2002 Judgment Entry, the trial court found appellant had failed to timely file his petition as he was never unavoidably prevented from discovery these facts. Further, the trial court found appellant failed to show by clear and convincing evidence but for a constitutional error at trial, no reasonable fact finder would have found appellant was guilty of the offenses for which he was convicted. To the contrary, the trial court found ample evidence from which the jury could conclude appellant's guilt on each offense. It is from that judgment entry appellant prosecutes this appeal, assigning the following errors for our review:
 {¶ 10} "I. THE TRIAL COURT ERRED IN DISMISSING TITUS GODBOLT'S POSTCONVICTION [SIC] PETITION BY FAILING TO APPLY THE UNITED STATES CONSTITUTION TO STATE POSTCONVICTION [SIC] PROCEEDINGS.
 {¶ 11} "II. THE TRIAL COURT ERRED IN DISMISSING TITUS GODBOLT'S POSTCONVICTION [SIC] PETITION, IN WHICH HE PRESENTED SUFFICIENT EVIDENCE THAT HE DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE I, OHIO CONSTITUTION."
 I. {¶ 12} In appellant's first assignment of error, he maintains the trial court erred in dismissing his petition for post-conviction relief by failing to apply the United States Constitution to state post-conviction proceedings. Within this assignment of error, appellant alleges that R.C. 2953.23 violates the supremacy clause of the United States Constitution, the separation of powers doctrine, and the due course of law and open courts provisions of the Ohio Constitution. Appellant also maintains R.C. 2953.23 is unconstitutional and fundamentally unfair as applied to his claims of ineffective assistance of trial counsel. We disagree.
 {¶ 13} We agree with appellee, appellant's challenge to the constitutionality of the provisions of R.C. 2953.23 are not properly before this Court. The challenge to the constitutionality of a statute is not the proper basis for an appeal unless the challenge is raised and decided by the trial court. See, State v. Nields (2001), 93 Ohio St.3d 6,40, citing State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 14} Appellant never raised a constructional challenge to the provisions of R.C. 2953.23 before the trial court. In fact, appellant's petition for post-conviction relief attempted to comply with the saving provisions of the statute. Because the trial court was not asked to rule upon the constitutional attack, we find appellant has waived the issues he presents on appeal.
 {¶ 15} Appellant's first assignment of error is overruled.
 II. {¶ 16} In appellant's second assignment of error, he maintains the trial court erred in dismissing his petition for post-conviction relief because he has presented sufficient evidence he did not receive effective assistance of counsel at trial. We disagree with appellant's contention.
 {¶ 17} Appellant's assertion his trial counsel was ineffective for failing to object to the stipulation, was claimed as error in appellant's original appeal to this Court, as was his argument two previous offenses were used to prove one element of having a weapon under a disability. As noted above, we affirmed the trial court's decision in appellant's original appeal. Accordingly, we find the doctrine of law of the case, and the doctrine of res judicata apply to preclude appellant's relitigation of these issues at this time.
 {¶ 18} Accordingly, appellant's second assignment of error is overruled.
 {¶ 19} The March 20, 2002 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Farmer, J. and Wise, J. concur.
topic: pcr not timely, res judicata/law of case